67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cesar Augusto FLORES-VARGAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cesar Augusto Flores-Vargas, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of Flores-Vargas' request for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a) and deny the petition for review.
 
 
 3
 We review for abuse of discretion the BIA's denial of asylum, Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992), and for substantial evidence the decision to deny withholding of deportation, Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). We review factual findings underlying the determination for substantial evidence and will reverse only if a reasonable factfinder would have to conclude that the requisite fear of persecution existed. Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994).
 
 
 4
 To be eligible for asylum, Flores-Vargas must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1158, 1101(a)(42); Berrotean-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). To qualify for withholding of deportation, Flores-Vargas must meet a higher evidentiary standard by demonstrating a clear probability of persecution. See 8 U.S.C. Sec. 1253(h); INS v. Stevic, 467 U.S. 407, 430 (1984); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 5
 Flores-Vargas contends that the BIA failed to consider the record as a whole, to issue a reasoned opinion, and to meaningfully address his assertions that he would be persecuted if returned to Nicaragua. Specifically, Flores-Vargas claims past persecution and fear of future persecution based on the continuing political turmoil in Nicaragua and his refusal to join a local Sandinista Defense Committee ("SDC") and the Sandinista military, despite having received official letters ordering him to serve in both organizations. Flores-Vargas contends that his refusal to join the military was a political opinion which "caused him to be singled out and persecuted by the [Sandinistas]." He further claims that he would be threatened by the Sandinistas, who currently constitute the most powerful political party in Nicaragua, and put into a position of danger if returned to his native country.
 
 
 6
 We affirm the BIA's decision that Flores-Vargas failed to establish past persecution or a well founded fear of future persecution. See Acewicz, 984 F.2d at 1061. Government attempts to recruit citizens for military service and to punish deserters do not, per se, constitute "persecution" so as to entitle an alien to political asylum. Barraza Rivera v. INS, 913 F.2d 1443, 1450 (9th Cir.1990); Rodriguez-Rivera v. U.S. Dep't of Imm. & Nat., 848 F.2d 998, 1005 (9th Cir.1988). Flores-Vargas does not qualify under any of the asylum eligibility criteria specified in 8 U.S.C. Sec. 1158 because he failed to establish that: (1) the Sandinistas knew of his political beliefs and attempted to conscript him in spite of those beliefs, see Alonzo v. INS, 915 F.2d 546, 548 (9th Cir.1990); (2) due to his political opinion, he had been or would be subject to a disproportionately severe punishment by either the government or the Sandinistas, see Abedini, 971 F.2d at 191-92; or (3) the Sandinistas believed that he was a Contra or that his failure to join the SDC or the army has been interpreted as political expression by the Sandinistas, see id. In addition, Flores-Vargas has not alleged that he or any member of his family have been physically threatened, and he conceded to the IJ that Nicaragua no longer has compulsory military service. Accordingly, substantial evidence supports the BIA's decision that Flores-Vargas is ineligible for asylum. See Acewicz, 984 F.2d at 1062.
 
 
 7
 Because the standard for withholding of deportation is stricter than the standard for a grant of asylum, we also affirm the IJ's denial of Flores-Vargas's request for withholding of deportation. See id.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3